UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| BILLY G. ASEMANI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.  09-1158 (EGS) |
| | ) | |
| | ) | Document Nos.   14, 18 |
| SYRIAN ARAB REPUBLIC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

MEMORANDUM OPINION

Plaintiff is a prisoner at the Eastern Correctional Institution in Eastover, Maryland.  He sues, *inter alia*, the Syrian Arab Republic and Syrian officials under the Foreign Sovereign Immunities Act ("FSIA"), 28 U.S.C. §§ 1602-1611 (2008).[1]  Plaintiff alleges that defendants provided information to two Iranian terrorist organizations responsible for a "torture incident" against him in July 2000.  Compl. at 10.  Following the court officers' unsuccessful attempts to serve any of the defendants, plaintiff has moved to compel service pursuant to Federal Rule of Civil Procedure 4 and the FSIA, 28 U.S.C. § 1608(a).[2]  Having reviewed the complaint, however, the Court finds that it lacks subject matter jurisdiction and, thus, will deny plaintiff's motion and dismiss the case as it is required to do "at any time" it determines that subject matter jurisdiction is wanting.  Fed. R. Civ. P. 12(h)(3).

_____

[1]  The named defendants are the Syrian Arab Republic, Syrian President Bashar Al-Assad, the Syrian Military Intelligence and Director General Asif Sawkat, the Syrian Ministry of Defense and Defense Minister Moustapha Tlaas, Syrian Foreign Minister Imad Moustapha, Rifaat Assad, a "former high-ranking member of the Syrian military," and Achmed Jibril, "leader of the Popular Front for the Liberation of Palestine [sic]."  Compl. Caption.  Because plaintiff has not pleaded any facts attributing specific acts to any one individual defendant, the Court considers the complaint as brought against the individuals in their official capacities only.  *See* Compl. at 8 ("The head defendant in this case is Syria itself.").

[2]  *See Sabbithi v. Saleh*, 623 F.Supp.2d 93, 97-98 (D.D.C. 2009) (discussing complex statute governing service upon foreign states, to which "strict adherence" is required).

2

"The FSIA provides the sole basis for obtaining jurisdiction over a foreign state in a United States court." *Sabbithi v. Saleh*, 623 F.Supp.2d 93, 97 (D.D.C. 2009) (internal quotation marks and citation omitted).  The FSIA generally grants foreign states immunity from liability in United States courts.  *See* 28 U.S.C. § 1602 *et seq*.  Congress has created several specific exceptions to this immunity.  This Court lacks jurisdiction over any claim against a foreign government unless one of these exceptions is met.  As the Supreme Court has explained, a "foreign state is presumptively immune from the jurisdiction of United States courts; unless a specified exception applies, a federal court lacks subject-matter jurisdiction over a claim against a foreign state." *Saudi Arabia v. Nelson*, 507 U.S. 349, 355 (1993).

Plaintiff alleges that he was tortured on July 14, 2000, by two members of the Iranian Revolutionary Guards Corps in Tehran, Iran, for his religious beliefs.  Compl. at 10; *see Asemani v. Islamic Republic of Iran*, 266 F.Supp.2d 24 (D.D.C. 2003).  He claims that defendants "proximately caused" his injuries because "Syrian military and intelligence agents" informed Iranian authorities of his "Baha'i agenda," thereby providing "material support" to the actual torturers.  *Id*. at 6, 10.

Foreign states are not immune from claims for money damages based on "personal injury . . . caused by an act of torture, . . . or the provision of material support or resources for such an act if such act or provision of material support . . . is engaged in by an official, employee, or agent of such foreign state while acting [in his official capacity]" and the foreign state was or is "designated as a state sponsor of terrorism."  28 U.S.C. § 1605A.  "To subject a foreign sovereign to suit under [that provision], plaintiffs must demonstrate: (1) that the foreign sovereign was designated by the State Department as a 'state sponsor of terrorism'; (2) that the victim or plaintiff was a U.S. national at the time the acts took place; and (3) that the foreign

sovereign engaged in conduct that falls within the ambit of the statute," *i.e.*, here by providing

material support for an act of torture. *Bodoff v. Islamic Republic of Iran*, 424 F.Supp.2d 74, 82

(D.D.C. 2006). Material support is defined by 18 U.S.C. § 2339A, *see* 28 U.S.C.

§ 1605A (h)(3), which states the following.

> (1) [T]the term 'material support or resources' means any property, tangible or intangible, or service, including currency or monetary instruments or financial securities, financial services, lodging, training, expert advice or assistance, safehouses, false documentation or identification, communications equipment, facilities, weapons, lethal substances, explosives, personnel . . . , and transportation, except medicine or religious materials; . . . (3) the term 'expert advice or assistance' means advice or assistance derived from scientific, technical or other specialized knowledge.

18 U.S.C. § 2339A. Defendants' alleged act of supplying information about plaintiff's religious

activities to his alleged torturers falls short of the statutory definition of material support.

Defendants therefore are immune under the FSIA from this Court's jurisdiction.[3] A separate

Order of dismissal accompanies this Memorandum Opinion.


DATE: November 30, 2009                SIGNED: EMMET G. SULLIVAN
                                       UNITED STATES DISTRICT JUDGE

---

[3] The Court will not address whether the requirements of state-sponsored terrorism designation and nationality are satisfied. But plaintiff's asserted status of U.S. national, *see* Compl. at 4-5, is questionable at best. *See Asemani v. Rice*, 2005 WL 1903460 *1 (D.D.C., July 12, 2005) (Bates, J.) (finding, while dismissing case for lack of jurisdiction, that "[o]n March 9, 2004, the Bureau of Immigration Appeals ["BIA"] concluded that plaintiff was not a United States national. . . . On June 1, 2004, an Immigration Judge found plaintiff to be an alien and ordered him removed from the United States to Iran. . . . Plaintiff did not appeal this decision."); 28 U.S.C. § 1605A(h)(5) ("[T]he term 'national of the United States' has the meaning given that term in section 1101(a)(22) of the Immigration and Nationality Act ["INA"] (8 U.S.C. [§] 1101(a)(22)"); *U.S. v. Yakou*, 428 F.3d 241, 247 (D.C. Cir. 2005) (the interpretative, "administrative and enforcement responsibilities for the INA are divided among the President, the Attorney General [via the BIA], the Secretary of Homeland Security, and the Secretary of State"). Because of "the BIA's expertise over immigration matters," judicial deference is accorded BIA's nationality determinations. *Yakou*, 428 F.3d at 248.